UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R AND R SURGICAL INSTITUTE,<br><br>          Plaintiff,<br><br>     v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY et al.,<br><br>          Defendants. | Case No. 2:23-cv-06919-SB-AGR<br><br><br>ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION |

     Plaintiff R and R Surgical Institute filed the complaint in this breach of contract case in the Los Angeles Superior Court on May 11, 2023.  Defendant CIGNA Health and Life Insurance Company filed a notice of removal on August 22, 2023.  Dkt. No. 1.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  This Court has a duty to assess whether federal subject matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings.  *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

     A federal district court has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).  Complete diversity means that each of the plaintiffs

must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A party may remove an action if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

CIGNA removed on the basis of diversity. Dkt. No. 1. In its notice of removal, CIGNA identified itself as a Delaware corporation. CIGNA states that Plaintiff is a California unincorporated association. But citizenship of an unincorporated association is determined by the citizenship of the individuals who comprise the association. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("For example, an unincorporated association such as a partnership has the citizenships of all of its members."). CIGNA fails to address the citizenship of Plaintiff's members or partners. Nor does CIGNA address the form of Defendant Data iSight, stating only that it is owned and operated by National Care Network, LP, a Texas partnership. But this information does not set forth Data iSight's citizenship.[1]

CIGNA's thread-bare allegations are insufficient to establish diversity jurisdiction. Accordingly, Defendant is ORDERED to show cause, in writing, by no later than September 8, 2023, why the Court has jurisdiction over this case by demonstrating complete diversity of citizenship between the parties. *Failure to timely comply will result in remand*.

IT IS SO ORDERED.

Date: August 28, 2023

                                                  Stanley Blumenfeld, Jr.
                                                  United States District Judge

---

[1] And that the owner operator is a Texas partnership does not provide Data iSight's or National Care Network, LP's citizenship. *See*